FILED
JUL 30 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA<br>     Plaintiff,<br>v.<br>RENEWAL BY ANDERSEN LLC<br>     Defendant. | § § § § § § § § | Case No.<br><br>SA25CA0916JKP |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This action seeks statutory damages and injunctive relief to stop Defendant Renewal by Andersen LLC ("Renewal by Andersen" or "Defendant"), and its agents, from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited telemarketing calls using a prerecorded voice and an automatic telephone dialing system ("ATDS"). The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2. Defendant's unlawful telemarketing campaign involves placing numerous calls to Plaintiff's cellular telephone number despite the number's long-standing registration on the National Do-Not-Call Registry. Defendant and its agents utilized prerecorded messages and an ATDS to initiate these calls, and on information and belief, used spoofed telephone numbers to conceal their identity and evade detection. Defendant's conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, and the depletion of his time and cellular phone battery.

1

## BACKGROUND ON THE TCPA

3.  Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4.  Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5.  The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8. In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendant's telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9. This Court has personal jurisdiction over the Defendant as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendant purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

**PARTIES**

11. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12. Defendant Renewal by Andersen LLC is a Minnesota limited liability company that conducts business throughout the state of Texas. It is registered with the Texas Secretary of State,

file number 0012436706. Defendant may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

14. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

15. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

16. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

17. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

18. Plaintiff has never had any prior business relationship with Defendant, has never been a customer, and has never granted express written consent to Defendant or any entity acting on their behalf to receive telemarketing calls.

19. Notwithstanding Plaintiff's registration on the National Do Not Call Registry and lack of consent, beginning in December 2023, Defendant initiated a persistent telemarketing campaign against Plaintiff. Defendant, directly or through its agents, placed at least six (6) unsolicited telemarketing calls to Plaintiff's Number within a twelve-month period for the purpose of encouraging the purchase of its window and door installation services.

4

20. A specific and illustrative example of Defendant's unlawful conduct occurred on April 12, 2024, at approximately 5:02 PM, when Plaintiff received an unsolicited telemarketing call to his Number from 972-787-6492.

21. The call immediately began with an artificial or prerecorded voice, whose uniform tone and scripted responses were indicative of a soundboard technology or prerecorded message system, not a live human agent. During the call, the prerecorded voice stated, the company Renewal by Andersen would be calling Plaintiff, directly linking the unlawful call to the Defendant.

22. Critically, the artificial or prerecorded voice made an explicit admission regarding the technology used to place the call. The voice stated that partners "may use an automatic dialing system, just like what I've used today to call..." This statement is a direct admission that Defendant, or an agent acting on its behalf, utilized an ATDS to initiate the call to Plaintiff's cellular telephone number, in direct violation of the TCPA.

23. This pattern of harassment was not limited to telephone calls. Beginning in or around November 2024, Defendant escalated its unsolicited marketing efforts by sending advertisements via direct mail to Plaintiff's residence. A mailer received by Plaintiff on or around February 12, 2025, identified Shawn McCain as the General Manager of a local Renewal by Andersen franchise, further demonstrating Defendant's willful and persistent campaign to solicit Plaintiff in Texas.

24. Defendant's actions of repeatedly calling Plaintiff's residential telephone number using an admitted automatic telephone dialing system and an artificial or prerecorded voice, all without Plaintiff's prior express written consent, constitute willful and knowing violations of federal and state law that have caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, and intrusion upon his seclusion.

## COUNT I
## Violation of the Telephone Consumer Protection Act
## (47 U.S.C. § 227(c))

25.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

26.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

27.     At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendant's calls.

28.     Defendant, for whose actions it is directly and/or vicariously liable, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of its window installation goods and services.

29.     Defendant and any agent acting on its behalf, did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

30.     In the alternative, if the calls were made by a third party, that entity acted as Defendant's agent with actual and/or apparent authority. The agent acted with apparent authority by explicitly identifying Defendant by name, stating the call was from "Renewal by Andersen." The calls were made for the sole purpose of generating leads for Defendant's services, and upon information and belief, Defendant financially benefited from and ratified its agent's unlawful conduct.

31. The aforementioned violations were made willfully and knowingly. Defendant's knowledge and willful intent are evidenced by its pattern of placing multiple calls to a telephone number it knew or should have known was on the National Do-Not-Call Registry. This conduct demonstrates a deliberate telemarketing strategy that consciously disregarded federal law rather than an isolated error. Defendant's knowledge is evidenced by their use of spoofed numbers and fictitious business names to conceal their identity.

32. As a direct and proximate result of Defendant's violations, for which it is directly and/or vicariously liable, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendant's violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b))

33. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 24.

34. The TCPA's implementing regulation, 47 USC § 227(b), provides that "[i]t shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." § 227(b)(1)(A)(iii).

35. Defendant is liable for these violations either directly, as the entity that placed or initiated the calls, or, in the alternative, vicariously, for the unlawful calls made by its authorized agent(s) acting on its behalf and for its financial benefit.

36. In the alternative, if the calls were made by a third party, that entity acted as Defendant's agent with actual and/or apparent authority. The agent acted with apparent authority by, among other things, expressly stating that the company that would be calling me would be "Renewal by Andersen," thereby leading a reasonable person to believe the caller was an authorized representative. The calls were made for the sole purpose of generating leads for Defendant's products and services, and upon information and belief, Defendant accepted the benefits of its agent's illegal telemarketing, thereby ratifying the conduct.

37. Defendant, acting either directly or through its agent, utilized an ATDS to call Plaintiff's cellular number. This allegation is based on the agent's direct admission during the April 12, 2024 call, where the prerecorded voice stated that partners "may use an automatic dialing system, just like what I've used today to call" This confirms the use of equipment constituting an ATDS under the TCPA.

38. Furthermore, and as an independent basis for liability under 227(b), Defendant, acting either directly or through its agent, utilized an artificial or prerecorded voice to place the calls. The April 12, 2024 call was conducted entirely by a non-human voice with a uniform tone and scripted delivery, constituting a prerecorded voice under the TCPA.

39. Defendant, either directly or through its agent, initiated these calls to Plaintiff's cellular telephone number without Plaintiff's prior express written consent.

40. The aforementioned violations were made willfully and knowingly. Defendant's use, either directly or by an agent, of a system it admitted was an "automatic dialing system" demonstrates the violations were not accidental. Employing an agent to conduct a high-volume telemarketing campaign using prohibited technology is a deliberate strategy that consciously disregards federal law and attempts to insulate the principal from liability.

41. As a direct and proximate result of Defendant's conduct, for which it is directly and/or vicariously liable, Plaintiff is entitled to receive statutory damages of up to $500 for each and every call that violated 47 U.S.C. § 227(b).

42. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages to $1,500 for each and every violation for which Defendant is directly and/or vicariously liable.

## COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

43. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24.

44. Defendant acting directly or through its agent(s), engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of its window and door installation goods and services.

45. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

46. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on July 27, 2025, confirming that the Defendant is still not registered as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

47. Defendant Renewal by Andersen LLC is directly liable for these violations as the principal entity that directed, controlled, and financially benefited from the telemarketing campaign targeting Texas consumers. In the alternative, Defendant is vicariously liable because any agent that placed the calls did so with Defendant's actual or apparent authority. The duty to

9

register as a telemarketer under Texas law is a non-delegable duty, and Defendant failed to ensure its and its agents' compliance with Texas registration laws.

48. Defendant's failure to register, either itself or through an agent, before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

49. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Texas Business and Commerce
### (Tex. Bus. & Com. Code § 305)

50. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 24.

51. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

52. As alleged in detail in Counts I, II, Defendant, for whose actions it is directly and/or vicariously liable, violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call Registry, and utilizing and automatic telephone dialing system to place calls to Plaintiff.

53. Because Defendant's conduct for which it is directly and/or vicariously liable, violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

54. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

55. Furthermore, because Defendant's violations were committed knowingly or intentionally, as evidenced by the clear pattern of repeated calls to a number on the National Do-Not-Call Registry and its agent's explicit admission of using an "automatic dialing system, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendant:

A. For Defendant's violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendant's violations of the TCPA, 47 U.S.C. § 227(b), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

C. For Defendant's violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

D. For Defendant's violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's

conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

E. Issue a permanent injunction prohibiting Defendant, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

F. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

G. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 27, 2025                      Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
(210) 744-9663